# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.    3:12-CR-71 |
| Danny Eugene Allison | ) | |
| *Defendant* | ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

X (1)  The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of   X a federal offense   ☐ a state or local offense that would have been a federal offense if federal

jurisdiction had existed  -  that is

☐  a crime of violence as defined in 18 U.S.C. § 3156(a)(4)or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐  an offense for which the maximum sentence is death or life imprisonment.

☐  an offense for which a maximum prison term of ten years or more is prescribed in _____

_____ .*

☐  a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

X  any felony that is not a crime of violence but involves:

☐  a minor victim

X  the possession or use of a firearm or destructive device or any other dangerous weapon

☐  a failure to register under 18 U.S.C. § 2250

☐ (2)    The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

X (3)    A period of less than five years has elapsed since the    ☐ date of conviction    X the defendant's release

from prison for the offense described in finding (1).

X (4)    Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition  will reasonably assure the safety of another  person  or  the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1)    There is probable cause to believe that the defendant has committed an offense

for which a maximum prison term of ten years or more is prescribed in _____ .

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act
(21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT
### for the

Eastern District of Tennessee

□    under 18 U.S.C. § 924(c).

□ (2)     The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

□ (1)     There is a serious risk that the defendant will not appear.

X (2)     There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by    X   clear and convincing evidence     □ a preponderance of the evidence that

# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

The Court must weigh the factors found in 18 U.S.C. § 3142(g) when determining whether a defendant is detained or released pending trial.

In this case, the nature and circumstances of the offense argue in favor of the Defendant's detention.  The Defendant is charged with possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1), a crime which by definition involves a firearm.  18 U.S.C. § 3142(g)(1).

The weight of the evidence of the Defendant's dangerousness also argues in favor of detention.[1]  18 U.S.C. § 3142(g)(2).  The Defendant has a history of committing prior felonies, including a conviction for being a felon in possession of a firearm in this District.  The Defendant has also incurred subsequent state charges in Jefferson County, and the Court heard testimony about the Defendant recently possessing guns, including rifles and long guns.

The Court has considered the history and characteristics of the Defendant and finds that these considerations also argue in favor of detention.  18 U.S.C. § 3142(g)(3)(A).  As to employment, family ties, financial resources, length of residence in the community, community ties, and record concerning appearances at court proceedings, the Court finds that these factors primarily go to whether a defendant is a risk of flight.  In this case, the Government does not argue that the Defendant is a risk of flight.  As to criminal history, past conduct, and history of drug and alcohol abuse, the Court finds that all three weigh in favor of detention.  As stated above, the Defendant has an extensive criminal history, including two prior felony convictions, one for the same type of charge alleged here.  The Defendant served nearly ten years in prison on a prior felon in possession conviction in the Eastern District of Tennessee and then had his supervised release revoked less than a year after completing his term of imprisonment, when he was charged with drug trafficking and also plead guilty to a charge of tampering with government records.  Accordingly, the Court finds that the Defendant's past record of conduct indicates that he does not respect conditions placed upon him by the Court.  Moreover, the Defendant also has a history of drug use.  The Defendant tested positive for drugs while serving his term of supervised release.  The Court heard unrebutted testimony that the Defendant has current involvement with guns, and the Defendant is currently taking prescribed oxycodone.

As to the final factor, the Court finds that nature and seriousness of the Defendant's danger to the community weighs in favor of detention.  18 U.S.C. § 3142(g)(4).  The Court heard considerable testimony amounting to serious allegations that the Defendant has been threatening witnesses and victims while out on release pending trial on his state charges stemming from the same gun incident forming the basis of the charges in this Court.  When weighing and considering all of the evidence of the Defendant's dangerousness together, including the alleged threats to witnesses and victims, his prior conviction for committing the same crime alleged here, and the evidence that he continues to deal with firearms despite having previously served a period of imprisonment and term of supervised release for the same, the Court finds that the evidence establishes by clear and convincing evidence that the Defendant poses a serious risk of danger to the community or another person.

The Court further finds that no conditions of release would reasonably assure the safety of another person or the community.  18 U.S.C. § 3142(e).  The Defendant shall be detained pending trial.

---

[1]See <u>United States v. Stone</u>, 608 F.3d 939, 948-49 (6th Cir. 2010).

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.


Date:          June 22, 2012                                          s/ C. Clifford Shirley, Jr.
                                                                    _____
                                                                          *Judge's Signature*

                                                        United States Magistrate Judge C. Clifford Shirley, Jr.
                                                                    _____
                                                                          *Name and Title*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).